IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 14-621 |
| GLEN JOSEPH | : | |

**GOVERNMENT'S TRIAL MEMORANDUM**

**I.   INDICTMENT**

The Superseding Indictment charges the defendant with six counts of interstate communication of threats, in violation of Title 18, United States Code, Section 875(c) (Counts One, Two, Four, Six, Eight, and Nine); two counts of making threats to a law enforcement officer, in violation of Title 18, United States Code, Section 115(a)(1)(B) (Counts Three and Five); and one count of threats against the President, in violation of Title 18, United States Code, Section 871(a) (Count Seven).

**II.   FACTUAL BACKGROUND**

In August and September of 2012, Joseph made a series of threats on his Facebook account directed at specific federal law enforcement officers, including FBI Special Agent Janice Fedarcyk and Anthony Spagnoletti, a retired police officer who Joseph mistakenly believed to be an FBI Special Agent. In his postings, Joseph threatened to anally rape and strangle Agent Fedarcyk, and to kill Mr. Spagnoletti In November of 2012, he also threatened to kill the President of the United States.

In addition to his Facebook threats, Joseph also made threats against others, by telephone. Joseph made one such threat against a Pennsylvania state trooper, in a call he made to the

Bethlehem barracks of the Pennsylvania State Police. Because of that call, Joseph was arrested on November 28, 2012, by the Pennsylvania State Police and charged with terroristic threats and harassment. Joseph was tried and convicted in that case at a bench trial before Lehigh County Common Pleas Judge Robert Steinberg on November 19, 2013. On January 14, 2014, Judge Steinberg sentenced Joseph to time served to 23 months, followed by 24 months' probation, under the supervision of the Lehigh County probation office. Joseph was released from custody on February 12, 2014.

After his release, Joseph resumed posting threatening messages on Facebook. He now added Judge Steinberg to his list of targets. On October 22, 2014, Joseph posted a threat against Judge Steinberg that included a photograph of the judge and his wife.

Joseph was charged federally by complaint and warrant on October 30, 2014. The original indictment in this case was filed on November 20, 2014, and the superseding indictment was filed on February 5, 2015.

**III.   STATUTES CHARGED AND ELEMENTS OF THE OFFENSES**

    **A.   Interstate Communication of Threats (18 U.S.C. § 875(c))**

Title 18, United States Code, Section 875(c) provides:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

To convict the defendant of interstate communication of threats, the government must prove the following three elements:

    1.   That the defendant threatened to kidnap or to injure the victim, as charged in the Indictment;

      2.      That the threat was transmitted in interstate (or foreign) commerce; and

      3.      That the defendant transmitted the threat knowingly and intentionally.

**B.**     **Threats to a Law Enforcement Officer (18 U.S.C. § 115(a)(1)(B))**

Title 18, United States Code, Section 115(a)(1)(B) provides, in pertinent part:

> Whoever threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, … with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

To convict the defendant of threats to a law enforcement officer, the government must prove the following three elements:

      1.      That the defendant threatened to assault or murder a United States law enforcement officer;

      2.      That at the time of the alleged threat, the federal law enforcement officer was a federal official; and

      3.      That the defendant acted with the intent to impede, intimidate or interfere with that official while engaged in the performance of her official duties or with the intent to retaliate against that official on account of the performance of her official duties.

**C.**     **Threats Against the President (18 U.S.C. § 871(a))**

Title 18, United States Code, Section 871(a) provides, in pertinent part:

> Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm

>upon the President of the United States . . ., or knowingly and willfully otherwise makes any such threat against the President . . . shall be fined under this title or imprisoned not more than five years, or both.

To convict the defendant of threats against the President, the government must prove the following elements:

1. That the defendant mailed, wrote, or said the words alleged in the indictment to be a threat to kill, to kidnap, or to inflict bodily harm upon the President of the United States;

2. That the words were in fact a threat; and

3. That the defendant made the threat knowingly and willfully.

## IV.     STIPULATIONS

The government will propose a number of stipulations to streamline the trial for the Court's and jury's convenience.   However, at the time of the filing of this memorandum, the stipulations have not been discussed with counsel.

## V.     WITNESSES

The Government may call or mention the following witnesses in its case-in-chief:

A.    FBI Special Agent Anthony Cavallo

B.    FBI Special Agent Benjamin Jacobs

C.    FBI Special Agent Esteban Roche

D.    FBI Special Agent Joshua Swims

E.    Allentown Police Detective Sergeant Thomas Anderson

F.    Allentown Police Detective Erik Landis

G.    Retired FBI Special Agent Janice Fedarcyk

  H.  Mr. Anthony Spagnoletti

  The government reserves the right to supplement its witness list as may be required. The government also respectfully reserves the right to call rebuttal witnesses in the event a defendant elects to present any defense.

                Respectfully submitted,

                LOUIS D. LAPPEN
                United States Attorney


                _____

                JOSEPH A. LABAR
                Assistant United States Attorney

Dated:  March ___, 2018

**CERTIFICATE OF SERVICE**

      I certify that on this day I caused a copy of the Government's Trial Memorandum to be served by electronic filing and/or first class mail addressed to:

> Peter David Maynard
> 530 Walnut Street
> Reading, PA 19601-3419
> pdm530@aol.com

                                                                       _____
                                                                          JOSEPH A. LaBAR
                                                                          Assistant United States Attorney

Dated: March ___, 2018